### LEATH *v.* HINSON *et al.*

1. Where on the interlocutory hearing of a petition for injunction and other equitable relief an affidavit, offered in evidence by one of the parties, is as a whole objected to by the other, and a portion of such affidavit is admissible, there is no error in overruling the objection.
2. On the material issues in the case there was a conflict in the evidence, and the trial judge did not abuse his discretion in refusing the relief prayed.

Submitted March 24,—Decided April 8, 1903.

Petition for injunction.    Before Judge Parker.    Appling superior court.    January 24, 1903.

*N. J. Holton* and *W. W. Bennett,* for plaintiff.
*V. E. Padgett* and *E. D. Graham,* for defendants.

SIMMONS, C. J.    This was an equitable proceeding in which one of the principal questions was whether the parties, once partners, had or had not dissolved the partnership.    Among the issues made, there was a dispute as to the correctness and the good faith of a certain inventory of the partnership stock, as to whether there had been a final settlement and dissolution and a sale of the partnership assets to one of the partners, and as to the terms of the contract of sale.

1.    On the interlocutory hearing before the judge, both sides submitted affidavits as to the matters in dispute.    One of the affidavits offered in evidence by the defendants was objected to by the plaintiff.    The affiant testified that he was one of the persons who had taken the stock inventory above referred to, and that he had done so fairly and impartially; that his actings and doings in the premises were fair to all the parties, and that no one had intimated to him that anything but a "fair deal" was wanted.    The affidavit further stated: "I was present when the sale was made. . . According to my understanding, on the following terms: For seventy-five cents on the dollar, for all the property and the face value of all

accounts. . . All of the property was included, and that property named in plaintiff's bill as being excepted was not excepted but included." The affidavit then stated that the plaintiff had been given free access to the inventory taken, and did inspect parts of it. "This affidavit was objected to by plaintiff's counsel, upon the ground that" it is not proper for a witness to give his understanding of a contract, but that he should state the facts, the words, and let the court draw the conclusion. The court overruled the objection and admitted the affidavit; to which ruling exception is taken.

The affiant's "understanding" of the contract seems to us to mean his knowledge and recollection of its substance in lieu of a statement of its exact language. If this was what witness meant, the evidence was admissible. *Fielder* v. *Collier*, 13 *Ga.* 496. We think the affiant meant to state, not his conclusion or opinion based upon the facts, but rather his comprehension and recollection of the facts. But whether this is true or not, other material portions of the affidavit were clearly admissible, and there was no error in refusing to exclude the entire affidavit on an objection going to a part of it only. Had the motion been to exclude the part to which the objection related, the question would have been properly presented for decision by the trial judge and by this court.

2. The evidence submitted for the plaintiff presented a sharp conflict with that presented by the defendants. The trial judge believed the latter, and we must, therefore, deal with it as true. So treating it, there was no error in the disposition made of the case. Under it, the judge was fully authorized to refuse the relief prayed, to discharge the temporary receiver, and to order such receiver to turn over to the defendants the assets in his hands, whether received by him from them or from the plaintiff.

*Judgment affirmed. By five Justices.*